# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WHITE PLAINS COAT & APRON COMPANY, INC., d/b/a/ White Plains Linen, | : : | |
| Plaintiff | : : | CIVIL ACTION NO. 3:06-1959 |
| v. | : : | (MANNION, M.J.) |
| POCMONT HOTELS CORP., d/b/a Pocmont Resort, | : : | |
| Defendant | : | |

## MEMORANDUM AND ORDER

Pending before the court is the plaintiff's Motion to Dismiss Defendant's Counterclaim. (Doc. No. 5). Upon consideration, the plaintiff's motion will be denied.

## I.   PROCEDURAL HISTORY

The plaintiff commenced this action pursuant to 28 U.S.C. §1332 by filing a complaint on October 3, 2006. (Doc. No. 1-1). On November 27, 2006, the defendant filed an answer as well as a counterclaim against the plaintiff. (Doc. No. 2). The following day, the plaintiff filed the instant motion to dismiss the defendant's counterclaim, (Doc. No. 5), together with a memorandum of law in support, (Doc. No. 6). On December 18, 2006, the defendant filed an "Answer to Motion to Dismiss" together with a memorandum of law in support. (Doc. No. 7). The parties consented to

proceed before the undersigned, which was so ordered on December 18, 2006 (Doc. No. 8). In April 2007, the parties attempted unsuccessfully to settle with the help of a mediator.

## II.   JURISDICTION

A court does not need an independent basis for subject matter jurisdiction over compulsory counterclaims. 28 U.S.C. § 1367(a); Centennial Sch. Dist. v. Independence Blue Cross, 885 F. Supp. 683, 685 (E.D. Pa. 1994). A counterclaim is compulsory if it "bears a logical relationship to [the plaintiff's] claim" over which the court has original jurisdiction. Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc., 292 F.3d 384, 389 (3d Cir. 2002) (quoting Xerox Corp. v. SCM Corp., 576 F.2d 1057, 1059 (3d Cir. 1978)). As the Third Circuit explained, a "logical relationship between claims exists where separate trials on each of the claims would involve a substantial duplication of effort and time by the parties and the courts." Id. at 389-90. A duplication occurs where "the claims involve the same factual issues, the same factual and legal issues, or are offshoots of the same basic controversy between the parties." Id. Other courts might determine whether a counterclaim is compulsory if the claims arise from the "same case or controversy," a "common nucleus of operative fact," or the "same transaction or occurrence." Moore's Federal Practice - Civil § 13.110 (2007). See, e.g., Centennial Sch. Dist. v. Independence Blue Cross, 885 F. Supp. 683, 685 (E.D. Pa. 1994)

(holding that the compulsory counterclaims were within the court's supplemental jurisdiction because they arose from the same transaction or occurrence and shared a common nucleus of operative fact).

In its complaint, the plaintiff linen supply company seeks judgment against the defendant hotel in the amount of $96,803.68 for the defendant's breach of a Linen Supply Agreement ("Agreement"). (Doc. No. 1-1). Specifically, the defendant allegedly terminated the Agreement when it ceased payment on outstanding invoices. Id. The defendant asserts in its counterclaim, to wit:

> Defendant alleges that plaintiff supplied defendant with linens and uniforms that were not fit for use in defendant's business. Plaintiff supplied shoddy, torn and unclean merchandise which cost defendant loss of business and customer complaints. Defendant alleges that cancellation by various tours and other customers has led to a loss and return of bookings in excess of $65,000.00.
> Wherefore, Pocmont prays for judgment against White Plains Linen in an amount in excess of $50,000.00.

(Doc. No. 2 p.2). Based on the claims presented, this court has supplemental jurisdiction over the counterclaim. The counterclaim bears a logical relationship with the plaintiff's claim, and the two claims share a common nucleus of operative fact.

### III.   STANDARD OF REVIEW

In ruling on a motion to dismiss a counterclaim, courts apply the same

standard as they do for a complaint under Federal Rule of Civil Procedure 12(b)(6).  U.S. ex rel. Kirsch v. Armfield, 56 F. Supp. 2d 588, 590 (W.D. Pa. 1998) (citing Johnson v. Res. for Human Dev., Inc., 860 F. Supp. 218, 220 (E.D. Pa. 1994)).  This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted.  F. R. Civ. P. 12(b)(6).  However, where a counterclaim is at issue, dismissal is proper if the defendant fails to prove any set of facts that would grant relief. United States v. Union Gas Co., 743 F. Supp. 1144, 1150 (E.D. Pa. 1990).

Review of a motion to dismiss in this case is limited to the face of the defendant's counterclaim, whereby the court must accept all factual allegations as true and draw all reasonable inferences therefrom in the defendant's favor.  Id.; cf. Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000) (motion to dismiss a complaint); NAPA Transp., Inc. v. Travelers Prop. Cas., No. 06-cv-1866, 2006 U.S. Dist. LEXIS 84166, at *4 (M.D. Pa. Nov. 20, 2006) (same).  A court may also consider the exhibits attached, matters of public record, and "undisputably authentic" documents which the non-moving party has identified as the basis of his or her claim. Delaware Nation v. Pennsylvania, 446 F.3d 410, 413 n.2 (3d Cir. 2006) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

Under the federal notice pleading standard, a counterclaim requires a statement of jurisdiction, if necessary, a demand for judgment, and "a short

and plain statement of the claim showing that the pleader is also entitled to relief." F. R. Civ. P. 8(a). A detailed recitation of the proof is unnecessary to establish such a right. Pryor v. NCAA, 288 F.3d 548, 564 (3d Cir. 2002) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002)). Because of this liberal pleading policy, a court should not grant dismissal unless "it appears beyond doubt that the [defendant] can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Trump Hotel & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998) (holding that dismissal is appropriate "only if . . . no relief could be granted under any set of facts consistent with the allegations of the [counterclaim]").

## IV.   DISCUSSION

In moving to dismiss the counterclaim, the plaintiff solely disputes the factual basis of the defendant's claims by including a provision of the Agreement which purports to limit the plaintiff's liability. (Doc. No. 5-1 p.2). The plaintiff supports this factual argument with case law in its Memorandum in Support. (Doc. No. 6 p.2). Nowhere in any briefing, however, does the plaintiff provide any legal basis for dismissal of the defendant's counterclaim. The defendant argues in response that he had no knowledge of this particular Agreement, that his signature was forged, and therefore there is no limitation on liability. (Doc. No. 7).

The court will deny the plaintiff's motion to dismiss. In reviewing the counterclaim and exhibits attached thereto, and after accepting all facts alleged as true and drawing all reasonable inferences therefrom, this court concludes that the defendant, at this stage of the proceedings, has made a sufficient showing that he may be entitled to relief. Where the liberal standard of notice pleading is simply to give the opposing party fair notice of the basis of one's claims, the defendant has satisfied this minimum requirement. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).

## V.  CONCLUSION

In light of the foregoing, **IT IS HEREBY ORDERED THAT** the plaintiff's motion to dismiss the counterclaim, **(Doc. No. 5)**, is **DENIED**.

                                      s/ *Malachy E. Mannion*
                                      **MALACHY E. MANNION**
                                      **United States Magistrate Judge**

**Date:** September 14, 2007

O:\shared\MEMORANDUMS\2006 MEMORANDUMS\06-1959.01.wpd